1  JASON M. WILEY, ESQ.
   Nevada Bar No. 9274
2  **WOODS ERICKSON**
   **WHITAKER & MAURICE LLP**
3  1349 W. Galleria Drive, #200
   Henderson, NV 89014
4  Tel: (702) 433-9696
   Fax: (702) 434-0615
5  jwiley@woodserickson.com
   *Attorney for Defendants*
6

7

8                    **UNITED STATES DISTRICT COURT**

9                         **DISTRICT OF NEVADA**

10

11 RIGHTHAVEN LLC, a Nevada limited-        )    CASE NO.    2:10-cv-01022-LRH-LRL
12 liability company,                       )
                                            )
13              Plaintiff,                   )    **DEFENDANT'S MOTION TO SET**
                                            )    **ASIDE DEFAULT AND MOTION TO**
14         vs.                              )    **DISMISS**
                                            )
15 NO QUARTER, an entity of unknown origin  )
   and nature; and LARRY C. JOHNSON, an     )
16 individual,                              )
                                            )
17                          Defendants.     )
                                            )
18 _____

19      COMES NOW, Defendant, LARRY C. JOHNSON, by and through his attorney of

20 record, Jason M. Wiley, Esq. of the law firm Woods Erickson Whitaker & Maurice LLP, and

21 hereby submits the instant pleading as Defendant's Motion to Set Aside Default and Motion to

22 Dismiss.[1]

23 / / /

24 / / /

25 _____

26 [1] In addition to Larry C. J ohnson, Plaintiff's Complaint and Demand for Jury Trial (and all subsequent pleadings)
   includes "No Quarter" as a party to the litigation.  The Complaint and Demand for Jury Trial describes No Quarter
27 as "an entity of unknown origin and nature".  Mr. Johnson has no affiliation whatsoever with any entity with the
   moniker "No Quarter" or similar variation thereof.  Mr. Johnson does oversee a website with the address
28 www.noquarterusa.net, but he has not undertaken any corporate formation of "No Quarter".

                                            1

Said motions are made and based upon FRCP 55, FRCP 12 and FRCP 4, the pleadings and papers on file herein, the points and authorities that are being filed herewith, the declaration of Larry C. Johnson and upon such other and further pleadings, points and authorities, affidavits, declarations and/or evidence that may be presented for this Court's consideration prior to or at the time of hearing.

DATED this 2nd day of February 2011.

JASON M. WILEY, ESQ.
Nevada Bar No. 9274
1349 Galleria Drive, Suite 200
Henderson, Nevada 89014
(702) 433-9696
*Attorney for Defendant*

## POINTS AND AUTHORITIES

### I.

### Statement of Facts and Procedural History

On June 25, 2010, Plaintiff, RIGHTHAVEN, LLC ("Righthaven"), a Nevada limited liability company, commenced litigation against Defendant, LARRY C. JOHNSON ("Johnson"), an individual, by filing its Complaint and Demand for Jury Trial in the United States District Court District of Nevada wherein Righthaven alleges it is entitled to monetary damages as a result of Johnson's infringement of certain federal copyright statutes. (Docket Report No. 1.).

On September 7, 2010, Righthaven filed it Motion for Entry of Clerk's Default against Johnson pursuant to FRCP 55(a). (Docket Report No. 9). In support of the default, Righthaven attached the Declaration of J. Charles Coons, Esq. which provided, in pertinent part:

/ / /

/ / /

/ / /

WOODS ERICKSON
WHITAKER & MAURICE LLP
ATTORNEYS AT LAW
1349 West Galleria Drive, Suite 200
Henderson, Nevada 89014-6653

3. I received notification on or about August 9, 2010 from process server Frances Dixon ("Ms. Dixon") that Ms. Dixon effectuated service of Righthaven's Summons and Complaint (Docket No. 1) in this matter on Lunia Nelson, an authorized individual designated by law to accept service on behalf of Larry C. Johnson ("Mr. Johnson"), on or about August 6, 2010.[2]

Closer examination of the Proof of Service, included along with Mr. Coons' Declaration in Plaintiff's Motion for Entry of Clerk's Default, executed by the process server clearly and expressly shows that proper service was not effectuated upon Johnson.[3]   Specifically, in preparing the Proof of Service, Ms. Dixon checked the box which provides:

> I served the summons on *(name of individual)* Lunia Nelson (authorized) [underlined portion handwritten], who is designated by law to accept service of process on behalf of *(name of organization)* Larry C. Johnson [underlined portion handwritten] on *(date)* 8/6/10 @ 250 pm [date and time handwritten].[4]

*See* Exhibit B.

Johnson was never provided the Summons and Complaint whether directly from a process server or through a perceived agent.[5]

On September 8, 2010, the Clerks Entry of Default as to Larry C. Johnson was entered. (Docket Report No. 10)

Thereafter, Johnson learned of the pending litigation. *See* Dec. of L. Johnson ¶4. By way of the instant motions, Johnson petitions this Court to set aside the default and dismiss the litigation for Righthaven's failure to serve the Summons and Complaint within the time prescribed by applicable court rules.

/ / /

/ / /

---

[2] A true and correct copy of the Declaration of J. Charles Coons, Esq. is appended hereto and labeled as Exhibit "A".

[3] A true and correct copy of the Proof of Service is appended hereto and labeled as Exhibit "B".

[4] Italicized text found in original.

[5] For support of all factual recitations set forth herein, please refer to the Declaration of Larry C. Johnson, a true and correct copy of which is appended hereto and labeled as Exhibit "C".

WOODS ERICKSON
WHITAKER & MAURICE LLP
ATTORNEYS AT LAW
1349 West Galleria Drive, Suite 200
Henderson, Nevada 89014-6653

## II.

### Legal Argument and Analysis

**A.    Defendant's Conduct Does Not Give Rise to the Denial of a Motion to Set Aside Default as Determined by Applicable Case Law**

As noted, on September 8, 2010, the Clerk of Court entered a default against Johnson in the instant litigation.  However, based upon the events that occurred, and applicable case law opinions, the default should be set aside.

### 1.    Motion to set aside default standard

FRCP 55(c) provides:

> The court may set aside an entry of default for good cause, and it may set aside a default judgment under Rule 60(b).

Before delving into the elements constituting when it is proper to set aside a default, it is important to note that courts have long adhered to the principle that "default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits.  *Falk v. Allen* 739 F.2d 461, 463 (9th Cir.1984); *see also Latshaw v. Trainer Wortham & Co., Inc.*, 452 F.3d 1097, 1103 (9th Cir.2006); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 890 (9th Cir.2001).  Moreover, courts have found that the "rules for determining when a default should be set aside are solicitous toward movants, especially those whose actions leading to the default were taken without the benefit of legal representation." *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691, 695 (9th Cir.2001).

In a final preliminary matter, it bears stating that courts, in examining the interplay between a default and a default judgment, have held:

> [w]hile the same test applies for motions seeking relief from default judgment under both Rule 55(c) and Rule 60(b), the test is more liberally applied in the Rule 55(c) context.  This is because in the Rule 55 context there is no interest in the finality of the judgment with which to contend. *Hawaii Carpenters' Trust Funds v. Stone*, 794 F.2d 508, 513 (9th Cir.1986)

To determine what constitutes "good cause", a court must "consider [ ] three factors: (1) whether [the party seeking to set aside the default] engaged in culpable conduct that led to the

4

1    default; (2) whether [it] had [no] meritorious defense; or (3) whether reopening the default

2    judgment would prejudice the non-moving party." *Franchise Holding II v. Huntington Rests.*

3    *Group, Inc.* 375 F.3d 922, 925 (9th Cir.2004). Examination of the aforementioned three causes,

4    and the determinations made by the courts in applying said causes to certain facts and events, it

5    is readily apparent the default should be set aside.

6    ## 2.    **Defendant's actions do not amount to culpable conduct**

7         Courts have held "a defendant's conduct is culpable if he has received actual or

8    constructive notice of the filing of the action and *intentionally* failed to answer." *TCI Group*,

9    244 F.3d at 697 (emphasis in original) (quoting *Alan Neuman Productions, Inc. v. Albright*, 862

10   F.2d 1388, 1392 (9th Cir.1988). In defining what constitutes "intentional", courts have held:

> [t]he term 'intentionally' means that a movant cannot be treated as culpable simply for having made a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an 'intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process. *United States v. Signed Personal Check No. 730 of Yubran S. Mesle*, 615 F.3d 1085, 1092 (9th Cir. 2010) (quoting *TCI Group*, 244 F.3d at 697).

Moreover, the Ninth Circuit held:

> We have typically held that a defendant's conduct was culpable for purposes of the [good cause] factors where there is no explanation of the default inconsistent with a devious, deliberate, willful, or bad faith failure to respond. *Id.* at 698. As we explained in *TCI Group*, our approach is consistent with *Pioneer Investment Services, Co. v. Brunswick Associates, Ltd.*, 507 U.S. 380, 388, 294-95, 113 S.Ct. 1489, 123 L.#d.2d 74 (1993), in light of which it is clear that simple carelessness is not sufficient to treat a negligent failure to reply as inexcusable, at least without a demonstration that other equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside a default. *United States*, 615 F.3d at 1092-93 (quoting *Lemoge v. United States*, 587 F.3d 1188, 1192 (9th Cir.2009)

23        Thus, applicable case law clearly and unequivocally provides that a motion to set aside

24   will be denied absent some showing that the movant acted in bad faith, intentionally ignored the

25   filing of the complaint and/or engaged in conduct designed to manipulate the legal process. In

26   the present matter, not only did Johnson's failure to answer the Complaint not amount to

27   culpable conduct, but Johnson was not properly notified through service that Righthaven had

28   commenced legal proceedings against him. *See* Dec. of L. Johnson ¶4, ¶6 and ¶7. Righthaven,

WOODS ERICKSON
WHITAKER & MAURICE LLP
ATTORNEYS AT LAW
1349 West Galleria Drive, Suite 200
Henderson, Nevada 89014-6653

1  in petitioning the clerk for the default, relies on the bogus actions of its process server which

2  clearly evidences the fact that the process server did not deliver the Summons and Complaint to

3  Johnson as required by the Federal Rules of Civil Procedure. *See* Dec. of L. Johnson ¶6, ¶7 and

4  ¶8.  Such action, along with the declaration from Johnson attached hereto, demonstrate an

5  inference that Johnson's actions in the present matter do not give rise to the denial of setting

6  aside the default.

7  **3.    Defendant's allegations set forth herein satisfy the meritorious defense**
     **argument**

8

9      The Ninth Circuit has had the occasion to adjudicate matters involving the second prong

10  to the motion to set aside analysis – the meritorious defense argument – and Defendant's

11  allegations set forth in the instant pleading satisfy the necessary requirement.  Specifically, the

12  court has held:

13      A defendant seeking to vacate a default judgment must present specific
        facts that would constitute a defense.  But the burden on a party seeking to
14      vacate a default judgment is not extraordinarily heavy.   All that is
        necessary to satisfy the "meritorious defense" requirement is to allege
15      sufficient facts that, if true, would constitute a defense.  "The question
        whether the factual allegation [i]s true is not to be determined by the court
16      when it decides the motion to set aside the default.  Rather, that question
        would be the subject of the later litigation." *United States*, 615 F.3d at
17      1094 (quoting *TCI Group*, 244 F.3d at 698-99).

18      Moreover, the court has held that the party seeking to set aside a default must present

19  specific facts that would constitute a defense. *Madsen v. Bumb,* 419 F.2d 4 (9th Cir.1969).  In the

20  present matter, all Johnson needs to do to satisfy the meritorious defense argument is present

21  "sufficient facts" establishing that his failure to respond to the Complaint was not deliberate or

22  intentional.  Johnson's declaration, along with the events set forth in the Statement of Facts and

23  Procedural History, *supra*, clearly state that Johnson was not served with the Summons and

24  Complaint, he was not cognizant of the litigation against him, and is further supported by the

25  Proof of Service offered in Plaintiff's Motion for Entry of Clerk Default. *See* Dec. of Larry C.

26  Johnson ¶4, ¶6, ¶7 and ¶8.  Furthermore, the facts presented are specific assertions and not

27  merely conclusory statements that Johnson disputes the default.

28

WOODS ERICKSON
WHITAKER & MAURICE LLP
ATTORNEYS AT LAW
1349 West Galleria Drive, Suite 200
Henderson, Nevada 89014-6653

6

1    In rendering a decision on the instant motion, this Court need not determine the

2    truthfulness of Johnson's allegations.  Instead, it should take all statements and assertions made

3    by Johnson as truth and decide whether said statements and assertions equate to a valid defense.

4    Thus, the standard to satisfy this requirement is easily met.   In taking the totality of the

5    circumstances and the evidence presented, it is clear that Johnson does have a defense to the

6    default.  At the very least, Johnson has presented enough evidence to set aside the default and

7    proceed with the veracity of his claims through later litigation.

8         **4.    Righthaven would not be prejudiced by the setting aside of the default**

9    To determine if the non-defaulting party was prejudiced by a default, for the purposes of

10   analyzing whether the defaulting party demonstrate good cause for setting aside a default, courts

11   examine whether the delay caused by the default (1) made it impossible for the non-defaulting

12   party to present some of its evidence; (2) made it more difficult for the non-defaulting party to

13   proceed with trial; (3) hampered the non-defaulting party's ability to complete discovery; and (4)

14   was used by the defaulting party to collude or commit a fraud.  The first two factors are given the

15   most weight, and delay and inconvenience alone are insufficient to cause prejudice.  *Vick v.*

16   *Wong*, 263 F.R.D. 325 (E.D. Va. 2009).  Moreover, the prejudice requirement of rule providing

17   that entry of default may be set aside for good cause compels plaintiffs to demonstrate that the

18   plaintiff's claim would be materially impaired because of the loss of evidence, an increased

19   potential for fraud or collusion, substantial reliance on the entry of default, or other substantial

20   factors.  *Dizzley v. Friends Rehabilitation Program, Inc.*, 202 F.R.D. 146 (E.D. Pa. 2001).

21   The Ninth Circuit has espoused the provisions set forth above and has held that a district

22   court did not abuse its discretion in setting aside an entry of default where plaintiffs suffered no

23   prejudice, defendant had a meritorious defense, and defendant sought timely relief.  *O'Connor v.*

24   *State of Nevada*, 27 F.3d 357 (9th Cir.1994).   Further, the court has determined that to be

25   prejudicial, the setting aside of default [judgment] must result in greater harm that simply

26   delaying resolution of the case; rather, the standard is whether plaintiff's ability to pursue his

27   claim will be hindered.  *TCI Group Life Ins. Plan v. Knoebber*, 244 F.3d 691 (9th Cir.2001).

28

1  Righthaven cannot advance an argument that it will be unfairly prejudiced should this

2  Court set aside the default.  The litigation is in its infancy and Righthaven has undertaken no

3  activity other than the preparation of the Complaint and the Motion for Entry of Clerk's Default.

4  Righthaven has not presented any evidence, save the alleged infringed material, and will not be

5  hindered from completing discovery or introducing evidence should the litigation proceed.[6]  The

6  lone argument Righthaven can advance is that it has been delayed in prosecuting the matter.

7  However, the Ninth Circuit has already rule that delay alone is not sufficient to deny a motion to

8  set aside a default.  *See TCI Group Life Ins. Plan v. Knoebber,* 244 F.3d 691 (9th Cir.2001).

9  **B.**    **Defendant Johnson's Motion to Dismiss**

10  By way of the instant motion, Defendant Johnson petitions this Court to dismiss the

11  current action for Plaintiff's failure to effectuate service within the time prescribed by the

12  Federal Rules of Civil Procedure

13   **1.**    <u>**Motion to dismiss standard**</u>

14  FRCP 12(b) provides:

15  Every defense to a claim for relief in any pleading must be asserted in the
responsive pleading if one is required.  But a party may assert the
16  following defenses by motion:

17   (1)    lack of subject-matter jurisdiction;

18   (2)    lack of personal jurisdiction;

19   (3)    improper venue;

20   (4)    insufficient process;

21   (5)    *insufficient service of process*;

22   (6)    failure to state a claim upon which relief can be granted; and

23   (7)    failure to join a party under Rule 19

24  A motion asserting any of these defenses must be made before pleading if
a responsive pleading is allowed.  If a pleading sets out a claim for relief
25  that does not require a responsive pleading, an opposing party may assert
at trial any defense to that claim.  No defense or objection is waived by
26

27  _____

28  [6] A true and correct copy of the complete Civil Docket for Case #2:10-cv-01022-JCM-GWF is appended hereto and labeled as Exhibit "D".

WOODS ERICKSON
WHITAKER & MAURICE LLP
ATTORNEYS AT LAW
1349 West Galleria Drive, Suite 200
Henderson, Nevada 89014-6653

joining it with one or more other defenses or objections in a responsive pleading or in a motion.

(emphasis added)

### 2. Plaintiff's purported service of the summons and complaint upon Defendant was improper

FRCP (4)(e) provides:

Unless federal law provides otherwise, an individual – other than a minor, an incompetent person, or a person whose waiver has been filed – may be served in a judicial district of the United States by:

(1)    following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

(2)    doing any of the following:

    (A)    delivering a copy of the summons and of the complaint to the individual personally;

    (B)    leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

    (C)    delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

In the present matter, it is clear and unequivocal that Plaintiff did not attempt to serve Johnson as provided by FRCP 4(3)(2)(A) or FRCP 4(3)(2)(B). Instead, Plaintiff alleges that service was effectuated by delivering the Summons and Complaint to Lunia Nelson ("Nelson"), a person who is authorized and designated by law to accept service of process on behalf of Johnson. *See* Dec. of J. Charles Coons ¶3. Quite simply, Plaintiff is incorrect. Johnson does not know Nelson nor has Johnson authorized Nelson to accept service on his behalf. *See* Dec. of L. Johnson ¶6, ¶7 and ¶8. Based upon the Federal Rules of Civil Procedure and applicable case law, such action does not constitute valid service.

Courts have held rules governing service of process on agent is strictly construed. *Gerritsen v. Escobar Y Cordova*, 721 F.Supp. 253 (C.D.Cal.1988). As such, cases dealing with agency by appointment indicate that an actual appointment for the specific purpose of receiving

Woods Erickson Whitaker & Maurice LLP
ATTORNEYS AT LAW
1349 West Galleria Drive, Suite 200
Henderson, Nevada 89014-6653

1  process normally is expected.  In *Whisman v. Robbins*, 712 F.Supp. 632 (S.D.Ohio 1988), the

2  court held:

> "By appointment means an action appointment by the defendant, and, if
> such has been made, service upon the agent gives the court jurisdiction."
> *See Szabo v. Keeshin Motor Express*, 10 F.R.D. 275, 276-77
> (N.D.Ohio1950).  In the absence of an actual appointment, service of
> process in ineffective.  *See Franklin America, Inc. v. Franklin Case
> Products, Inc.*, 94 F.R.D. 645, 647 (E.D.Mich.1982) ("an appointment
> must be made or authorized by the defendant."); 2 J. Moore, J. Lucas, H.
> Fink & C. Thompson, *Moore's Federal Practice* ¶4.12 (2d ed. 1987)
> ("Where actual appointment to accept service is not shown, the service is
> invalid.").  "The rule is clear that it must appear that any agent who
> accepts service must be shown to have been authorized to bind his
> principal by the acceptance of process and, further, that the authority to
> accept such service cannot be shown by the extrajudicial statements of the
> attorney [agent]." *Schwarz v. Thomas,* 222 F.2d 305, 308 (D.C.Cir.1955).
> *See also First American Bank, N.A. v. United Equity Corp.*, 89 F.R.D. 81,
> 84 (D.D.C.1981) ("The court finds, however, that the clerk was not . . . an
> authorized agent.  While it is true that the clerk represented herself as such
> on the receipt, her acceptance of service and her own statements of
> authority are, in and of themselves, insufficient to establish the required
> agency relationship."); 2 J. Moore, J. Lucas, H. Fink & C. Thompson,
> *Moore's Federal Practice* ¶4.12 (2d ed. 1987) ("The agent's acceptance of
> service, or his own statement of authority, is insufficient, standing alone,
> to establish authorization to receive process.").

Moreover, the courts have held that claims by an "agent" of having authority to receive

process or the fact that an agent actually accepts process is not enough to bind the defendant to

the court's jurisdiction; there must be evidence that the defendant intended to confer that

authority upon the agent in order to satisfy the terms of Rule 4(e)(2).  *McCombs v. Granville

Exempted Village School Dist.*, 2009 WL 467066 *4 (S.D. Ohio 2009) (slip op.) (citing *Whisman

v. Robbins*, 712 F. Supp.632, 636 (S.D. Ohio 1988).

Thus, based upon the case law cited herein, Plaintiff's assertion that Johnson has been

served with the Summons and Complaint fails on two fronts.  First, Johnson never authorized

Nelson accept service on his behalf (i.e., no actual appointment).  *See* Dec. of L. Johnson ¶7.

Second, even if Nelson held herself out as Johnson's agent in accepting the Summons and

Complaint from the process server, such act alone, without ratification or confirmation from

Johnson, does not constitute authorization as set forth herein.

Finally, the Proof of Service appended to Plaintiff's Motion for Entry of Clerk's Default

proves problematic to Plaintiff's claim that service was effectuated.  Specifically, the Proof of

WOODS ERICKSON
WHITAKER & MAURICE LLP
ATTORNEYS AT LAW
1349 West Galleria Drive, Suite 200
Henderson, Nevada 89014-6653

Service provides Nelson was "designated by law to accept service of process on behalf" of Johnson.   Review of Fla.R.Civ.P §48.021 et. seq. provides no instance where an agent is authorized by law to accept service on behalf of a party.   In fact, Fla.R.Civ.P §48.031 provides for substituted service upon a party if service is effectuated upon the party's spouse or, if the party is doing business as a sole proprietorship, upon serving the manager of the business if one or more attempts to serve the owner have been made at the place of business.   Neither substituted service scenario is relevant in the instant matter.

**3.    Plaintiff's action must be dismissed for failure to serve Defendant within the time prescribed by FRCP 4(m)**

FRCP 4(m) provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – *must* dismiss the action without prejudice against that defendants or order that service be made within a specified time.   But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.   This subdivision (m) does not apply to service in a foreign country under Rule 4(f) of 4(j)(1).

In that Plaintiff filed its Complaint and Demand for Jury Trial on June 25, 2010, the time prescribed by FRCP 4(m) within which to serve Defendant has elapsed.   According to applicable rules, this Court must dismiss the action without prejudice.

/ / /

/ / /

/ / /

/ / /

/ /

11

## III.

### Conclusion

Based upon the argument set forth herein, Defendant petitions this Court to set aside the default entered by the clerk and dismiss the litigation without prejudice.

Respectfully submitted this 2ⁿᵈ day of February 2011.

JASON M. WILEY, ESQ.
Nevada Bar No. 9274
1349 Galleria Drive, Suite 200
Henderson, Nevada 89014
(702) 433-9696
*Attorney for Defendant*

WOODS ERICKSON
WHITAKER & MAURICE LLP
ATTORNEYS AT LAW
1349 West Galleria Drive, Suite 200
Henderson, Nevada 89014-6653

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the 2nd day of February, 2011, I did serve a true and correct copy of the foregoing, **DEFENDANTS' MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS** via the Court's Electronic Service System to:

J. Charles Coons, Esq.
Assistant General Counsel
Righthaven, LLC
Conquistador Business Park
9960 West Cheyenne Avenue Suite 210
Las Vegas, Nevada 89129

_/s/ Nichole Durand_____
An employee of Woods Erickson Whitaker
& Maurice LLP

WOODS ERICKSON
WHITAKER & MAURICE LLP
ATTORNEYS AT LAW
1349 W. Galleria Drive, Suite 200, Henderson, Nevada 89014-6653
Telephone: 702.433.9696   Telefax: 702.434.0615

# EXHIBIT "A"

# EXHIBIT "A"

## DECLARATION OF J. CHARLES COONS, ESQ.

J. Charles Coons, Esq., declares under the pains and penalties of perjury:

1.      I am an attorney-at-law admitted to practice in all courts of the State of Nevada.  I represent Righthaven LLC ("Righthaven") in the matter of *Righthaven LLC v. No Quarter and Larry C. Johnson*, case number 2:10-cv-01022-JCM-LRL in the United States District Court for the District of Nevada.  I am over eighteen years old and I am competent to testify to the matters set forth herein.

2.      The issuance of Summons (Docket No. 2) occurred on or about June 25, 2010.

3.      I received notification on or about August 9, 2010 from process server Frances Dixon ("Ms. Dixon") that Ms. Dixon effectuated service of Righthaven's Summons and Complaint (Docket No. 1) in this matter on Lunia Nelson, an authorized individual designated by law to accept service on behalf of Defendant Larry C. Johnson ("Mr. Johnson"), on or about August 6, 2010.

4.      The Affidavit of Service (Docket No. 8) was filed on or about August 11, 2010.

5.      In the 31 days that have elapsed since August 6, 2010, Mr. Johnson has not answered or otherwise responded to Righthaven's Complaint.


Signed and affirmed this seventh day of September, 2010 under the pains and penalties of perjury of the State of Nevada and of the United States of America.


/s/ J. Charles Coons
J. CHARLES COONS, ESQ.

3

# EXHIBIT "B"

# EXHIBIT "B"

AO 440 (Rev. 12/09) Summons in a Civil Action (Page 2)

Civil Action No.  2:10-cv-01022-JCM-LRL

### PROOF OF SERVICE
*(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* Larry C. Johnson

was received by me on *(date)* 7/30/10

☐ I personally served the summons on the individual at *(place)*

_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

☒ I served the summons on *(name of individual)* Lunia Nelson (authorized) , who is

designated by law to accept service of process on behalf of *(name of organization)* Larry C. Johnson

on *(date)* 8/6/10    @ or 250pm

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*



My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00

I declare under penalty of perjury that this information is true.

Date:  8/9/10

_____ Starus Dixon SPS# 630
Server's signature

Frances Dixon
Printed name and title

5079 N. Dixie Hwy #330
Oakland Park Fl 33334
Server's address

Additional information regarding attempted service, etc:

Description: B/F 25+ 5'5   130 LBS
Black Hair / Brown Eyes.

# EXHIBIT "C"

# EXHIBIT "C"

JASON M. WILEY, ESQ.
Nevada Bar No. 9274
**WOODS ERICKSON**
**WHITAKER & MAURICE LLP**
1349 W. Galleria Drive, #200
Henderson, NV 89014
Tel: (702) 433-9696
Fax: (702) 434-0615
jwiley@woodserickson.com
*Attorney for Defendants*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| RIGHTHAVEN LLC, a Nevada limited-liability company, | CASE NO.     2:10-cv-01022-LRH-LRL |
| Plaintiff, | **DECLARATION OF LARRY C. JOHNSON FOR USE IN SUPPORT OF DEFENDANT'S MOTION TO SET ASIDE DEFAULT AND MOTION TO DISMISS** |
| vs. | |
| NO QUARTER, an entity of unknown origin and nature; and LARRY C. JOHNSON, an individual, | |
| Defendants. | |

STATE OF FLORIDA      )
                                        )
COUNTY OF           )

I, Larry C. Johnson, declare the following:

1.      I have personal knowledge of all the matters asserted herein, except as stated upon information and belief, and as to those matters, I am informed and believe the same to be true.

2.      I currently am, and have been at all times relevant hereto, a resident of the State of Florida.

3.      I operate a blog website entitled No Quarter (http://noquarterusa.net), a forum where various authors post political content.

1

4.      I learned that Plaintiff, Righthaven, LLC ("Righthaven"), filed a Motion for Entry of Clerk's Default after said document was filed with the Court and after the Clerk of Court filed an Entry of Default as to Larry C. Johnson.

5.      Thereafter, I reviewed Righthaven's Motion for Entry of Clerk's Default and the Declaration of J. Charles Coons, Esq. attached thereto which provided, in pertinent part:

> I received notification on or about August 9, 2010 from process server Frances Dixon ("Ms. Dixon") that Ms. Dixon effectuated service of Righthaven's Summons and Complaint (Docket No. 1) in this matter on Lunia Nelson, an authorized individual designated by law to accept service on behalf of Larry C. Johnson ("Mr. Johnson"), on or about August 6, 2010.

6.      I, personally, have never been served with the Summons and Complaint.

7.      I never designated or authorized Lunia Nelson to accept service on my behalf.

8.      Lunia Nelson does not reside at my dwelling or usual place of abode.

9.      I do not know an individual by the name Lunia Nelson.

FURTHER DECLARANT SAYETH NAUGHT

LARRY C. JOHNSON

WOODS ERICKSON WHITAKER & MAURICE LLP
ATTORNEYS AT LAW
1349 West Galleria Drive, Suite 200
Henderson, Nevada 89014-6653

2

# EXHIBIT "D"

# EXHIBIT "D"

AO-120/121

# United States District Court
## District of Nevada (Las Vegas)
### CIVIL DOCKET FOR CASE #: 2:10-cv-01022-JCM -GWF

Righthaven LLC v. No Quarter et al
Assigned to: Judge James C. Mahan
Referred to: Magistrate Judge George Foley, Jr
Demand: $75,000
Cause: 17:501 Copyright Infringement

Date Filed: 06/25/2010
Jury Demand: Plaintiff
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

**Righthaven LLC**                    represented by    **John Charles Coons**
Righthaven LLC
9960 West Cheyenne Avenue
Las Vegas, NV 89129
(702) 527-5906
Fax: (702) 527-5909
Email: jcoons@righthaven.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Joseph C. Chu**
Righthaven LLC
9960 West Cheyenne Avenue
Las Vegas, NV 89129
702-527-5900
Email: jchu@righthaven.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Steven A. Gibson**
Dickinson Wright PLLC
7201 West Lake Mead Blvd.
Suite 503
Las Vegas, NV 89128
702-541-8200
Fax: 702-541-7899
Email: sgibson@dickinsonwright.com
*TERMINATED: 11/29/2010*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Shawn A. Mangano**
Shawn A. Mangano, Ltd
9960 West Cheyenne Avenue
Suite 170

Las Vegas, NV 89129
(702) 304-0432
Fax: (702) 922-3851
Email: shawn@manganolaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**No Quarter**

**Defendant**

**Larry C. Johnson**

| Date Filed | # | Docket Text |
|---|---|---|
| 06/25/2010 | 1 | COMPLAINT against Larry C. Johnson, No Quarter (Filing fee $ 350 receipt number 0978-1656305), filed by Righthaven LLC. Certificate of Interested Parties due by 7/5/2010. Proof of service due by 10/23/2010. (Attachments: # 1 Exhibit, # 2 Civil Cover Sheet, # 3 Summons)(Coons, John) (Entered: 06/25/2010) |
| 06/25/2010 | | Case assigned to Judge James C. Mahan and Magistrate Judge Lawrence R. Leavitt. (ECS) (Entered: 06/25/2010) |
| 06/25/2010 | 2 | Summons Issued as to Larry C. Johnson re 1 Complaint. (ECS) (Entered: 06/25/2010) |
| 06/25/2010 | 3 | NOTICE PURSUANT TO LOCAL RULE IB 2-2: In accordance with 28 USC § 636(c) and FRCP 73, the parties in this action are provided with a link to the "AO 85 Notice of Availability, Consent, and Order of Reference - Exercise of Jurisdiction by a U.S. Magistrate Judge" form on the Court's website - www.nvd.uscourts.gov. **Consent forms should NOT be electronically filed.** Upon consent of all parties, counsel are advised to manually file the form with the Clerk's Office. **(no image attached)** (ECS) (Entered: 06/25/2010) |
| 06/25/2010 | 4 | AO 121 - REPORT on the filing of an action or appeal regarding a copyright. Mailed to the Register of Copyrights, Copyright Office with copy of Complaint. (ECS) (Entered: 06/25/2010) |
| 06/29/2010 | 5 | CERTIFICATE of Interested Parties filed by Righthaven LLC that identifies all parties that have an interest in the outcome of this case. Corporate Parent Net Sortie Systems, LLC, Corporate Parent SI Content Monitor LLC for Righthaven LLC added.. (Coons, John) (Entered: 06/29/2010) |
| 07/28/2010 | 6 | PROPOSED SUMMONS to be issued, filed by Plaintiff Righthaven LLC. (Coons, John) (Entered: 07/28/2010) |
| 07/29/2010 | 7 | Summons Issued as to Larry C. Johnson re 1 Complaint. (ECS) (Entered: 07/29/2010) |
| 08/11/2010 | 8 | SUMMONS Returned Executed by Righthaven LLC re 1 Complaint, 7 Summons Issued. Larry C. Johnson served on 8/6/2010, answer due 8/27/2010. (Coons, John) |

| | | (Entered: 08/11/2010) |
|---|---|---|
| 09/07/2010 | 9 | MOTION for Entry of Clerks Default by Plaintiff Righthaven LLC. Motion ripe 9/7/2010. (Coons, John) (Entered: 09/07/2010) |
| 09/08/2010 | 10 | Clerk's ENTRY OF DEFAULT as to Larry C. Johnson re 9 MOTION for Entry of Clerks Default. (ECS) (Entered: 09/08/2010) |
| 11/23/2010 | 11 | MOTION to Substitute Attorney by Plaintiff Righthaven LLC. Motion ripe 11/23/2010. (Coons, John) **13 Corrected image filed on 11/23/2010. (MJZ)** (Entered: 11/23/2010) |
| 11/23/2010 | 12 | NOTICE: Attorney Action Required to 11 MOTION to Substitute Attorney. **Docket entry and attached PDF do not match.** Attorney John Coons advised to correct PDF using *Notice of Corrected Image/Document* event under the *Notices* category and link to 11 MOTION to Substitute Attorney. **(no image attached)**(MJZ) (Entered: 11/23/2010) |
| 11/23/2010 | 13 | NOTICE of Corrected Image/Document re 11 MOTION to Substitute Attorney *SUBSTITUTION OF COUNSEL BY STIPULATION*, 12 Notice: Attorney Action Required, by Plaintiff Righthaven LLC. (Service of corrected image is attached). (Coons, John) (Entered: 11/23/2010) |
| 11/29/2010 | 14 | ORDER granting 11 Motion to Substitute Attorney. Attorney Steven A. Gibson terminated. Signed by Magistrate Judge Lawrence R. Leavitt on 11/29/10. (Copies have been distributed pursuant to the NEF - CAP) (Entered: 11/29/2010) |
| 01/11/2011 | 15 | MINUTE ORDER IN CHAMBERS of the Honorable Chief Judge Roger L. Hunt, on 1/11/2011. To properly distribute the case load for the magistrate judges in the District of Nevada, IT IS ORDERED that this case is reassigned to Judge George W. Foley, Jr., U.S. Magistrate Judge for all further proceedings consistent with his jurisdiction. All further documents must bear the correct case number 2:10-cv-01022-JCM-GWF. **(no image attached)** (Copies have been distributed pursuant to the NEF - KO) (Entered: 01/11/2011) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/18/2011 13:51:34 | | |
| PACER Login: | we0157 | Client Code: | 1626-1 |
| Description: | Docket Report | Search Criteria: | 2:10-cv-01022-JCM -GWF |
| Billable Pages: | 2 | Cost: | 0.16 |